**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **M.F.**


**No. 22-0313** (Kanawha County 21-JA-400)


**MEMORANDUM DECISION**


Petitioner Mother E.F., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's April 1, 2022, order terminating her parental rights to M.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on the child's behalf in support of the circuit court's order and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed a petition alleging that the parents engaged in domestic violence and that their substance abuse negatively impacted their ability to parent. The DHHR also alleged that petitioner's parental rights to another child were previously involuntarily terminated in 2013. At the preliminary hearing, the DHHR provided evidence that the parents actively evaded Child Protective Services ("CPS") workers for approximately eight months, petitioner denied all allegations, and the court took judicial notice of petitioner's 2013 case. The court ratified the child's removal.

The circuit court held an adjudicatory hearing in October of 2021, during which petitioner stipulated to substance abuse and engaging in domestic violence with the father. She further admitted to being untruthful during her testimony at the preliminary hearing. The court took

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

judicial notice of the allegations in the various domestic violence actions brought by petitioner against the father, including one as recent as July of 2021. The court accepted petitioner's stipulations and adjudicated her as an abusing and neglecting parent. Petitioner moved for a post-adjudicatory improvement period, which the court held in abeyance, but the court ordered that petitioner participate in reunification services such as parenting and adult life skills classes, a parental fitness evaluation, random drug and alcohol screening, domestic violence counseling, and drug treatment.

The circuit court held a dispositional hearing in March of 2022. Ultimately, the court found that petitioner had not established that she was likely to comply with an improvement period. The court found that petitioner had a "cafeteria approach" to the DHHR's services, picking and choosing when and how to participate. She also failed to enroll in long-term inpatient drug treatment and continued to associate with the father, whose parental rights were terminated in January of 2022, despite the couple's long history of domestic violence. Additionally, petitioner denied parenting deficiencies or issues with decision making in her parental fitness evaluation. The court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination of her parental rights was in the child's best interest. As such, the court terminated petitioner's parental rights by order entered on April 1, 2022. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred by terminating her parental rights without affording her an improvement period. By the dispositional hearing, petitioner had completed three months of inpatient drug treatment and was seeking outpatient drug treatment. Petitioner avers that she "was on her way to a life of sobriety" and should have been granted more time to rectify the conditions of abuse and neglect. We disagree, given that the court found that petitioner failed to take responsibility for her abuse and neglect of the child. In petitioner's parental fitness evaluation,

---

[2]The father's parental rights were also terminated below. According to the respondents, the permanency plan for the child is adoption with her current foster placement.

she disclosed that she did not see any problems with her decision-making or parenting. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As such, petitioner's refusal to acknowledge the conditions of abuse and neglect render her unable to correct them, and we, therefore, find no error in the denial of her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny an improvement period when no improvement is likely).[3]

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]Petitioner states that the circuit court erred in terminating her parental rights but completely fails to develop this assignment of error and falls short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as she has failed to provide a single citation to the appendix record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. As we have previously stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). In that this assignment of error presents a skeletal argument that is nothing more than a mere assertion, petitioner has not preserved the claim on appeal, and we will not address it further.